UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC., | ) ) ) | | |
| Appellant, | ) ) | | |
| v. | ) ) | No.: | 3:07-CV-165 3:07-CV-204 |
| DAVID M. GABLE, EVA GABLE, and GWENDOLYN M. KERNEY, Trustee, | ) ) ) | | 3:07-CV-434 (VARLAN/SHIRLEY) |
| Appellees. | ) | | |

## MEMORANDUM AND ORDER

This matter is before the Court on three appeals by appellant Americredit Financial Services, Inc. ("AmeriCredit") to orders entered by the United States Bankruptcy Court for the Eastern District of Tennessee. AmeriCredit has submitted a brief in support of its appeal [Doc. 8.], and appellees David M. Gable and Eva Gable ("the Gables") have filed a responsive brief. [Doc. 10.] The matter is now ripe for the Court's consideration.

On March 15, 2007, AmeriCredit appealed the order of the United States Bankruptcy Court for the Eastern District of Tennessee ("Bankruptcy Court") overruling AmeriCredit's objection to confirmation and holding that the Gables could surrender their vehicle in full satisfaction of AmeriCredit's claim under 11 U.S.C. § 1325(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). On May 4, 2007, AmeriCredit appealed the order of the Bankruptcy Court confirming the debtors' plan. On October 1, 2007, AmeriCredit appealed the order of the Bankruptcy Court

sustaining the Chapter 13 Trustee's objection to the claim of AmeriCredit. These appeals were docketed, respectively, as Case Number 3:07-cv-165, Case Number 3:07-cv-204, and Case Number 3:07-cv-434. The issue in all appeals is whether the Bankruptcy Court erred in ruling that 11 U.S.C. § 1325(a)(5), as amended by BAPCPA, allows the Gables to surrender their vehicle in full satisfaction of AmeriCredit's claim.

In its supporting brief, AmeriCredit contends that the Court should reverse the Bankruptcy Court, sustain the objection to confirmation filed by AmeriCredit, and find that BAPCA does not allow the Gables to surrender AmeriCredit's collateral in full satisfaction of its claim based on the Sixth Circuit's decision in *In re Long*, 519 F.3d 288 (6th Cir. 2008). [Doc. 8 at 9.] In their appellees' brief, the Gables agree that *In re Long* governs the present appeal, and, as a result, they respond that they have no defense to the appeals filed by AmeriCredit. [Doc. 10.]

In *In re Long*, the Sixth Circuit held that when a debtor elects to surrender collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), the car creditor is entitled to a deficiency claim for the balance of its lien after disposition of its collateral. *In re Long*, 519 F.3d at 295, 298. In light of the Sixth Circuit's holding in *In re Long*, the Bankruptcy Court erred in allowing the Gables to surrender their vehicle in full satisfaction of AmeriCredit's claim.

Accordingly, AmeriCredit's objection to confirmation of the Chapter 13 plan is hereby **SUSTAINED** in Case Number 3:07-cv-165. The United States Bankruptcy Court for the Eastern District of Tennessee's order confirming the Chapter 13 plan is hereby **REVERSED** in Case Number 3:07-cv-204. The objection to the claim of AmeriCredit

Financial Services, Inc. is hereby **OVERRULED** in Case Number 3:07-cv-434. The United States Bankruptcy Court for the Eastern District of Tennessee is hereby **REVERSED**, and this matter is hereby **REMANDED** to the United States Bankruptcy Court for the Eastern District of Tennessee for proceedings consistent with this order and the Sixth Circuit's rulings in *In re Long*, 519 F.3d 288 (6th Cir. 2008).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE